IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREDERICK FOSTER,

        Plaintiff,

v.

PITNEY BOWES CORPORATION, et al.,

        Defendants.

CIVIL ACTION
NO. 11-7303

**OPINION**

**Slomsky, J.**                                                                                             April 12, 2013

## I. INTRODUCTION

In an Opinion and Order dated February 7, 2013, the Court granted Defendant Pitney Bowes, Inc.'s ("Pitney Bowes") Motion for Judgment on the Pleadings, and dismissed Plaintiff Frederick Foster's Complaint against Pitney Bowes with prejudice.[1] (Doc. Nos. 50, 51.) On February 21, 2013, Plaintiff filed a Motion for Reconsideration and, in the alternative, a Motion for Leave to Amend the Complaint (Doc. Nos. 53, 54). On March 4, 2013, Pitney Bowes filed a Response in Opposition (Doc. No. 57).[2] On March 21, 2013, Plaintiff filed a Reply in Further Support of his Motion (Doc. No. 58). For reasons that follow, the Court will deny the Motions for Reconsideration and Leave to Amend the Complaint.

---

[1] Plaintiff had asserted five claims against Pitney Bowes: (1) violation of the Postal Accountability and Enhancement Act ("PAEA"); (2) misrepresentation and fraud; (3) conversion; (4) unjust enrichment; and (5) misappropriation of trade secrets. (Doc. No. 1-1 at 1–5.)

[2] In an Opinion and Order dated July 23, 2012, the Court dismissed all claims against Defendant United States Postal Service ("USPS"). On March 6, 2013, USPS filed a Memorandum opposing Plaintiff's instant Motion for Leave to Amend the Complaint, in which he seeks, among other things, to file amended claims against USPS. (Doc. No. 57.)

1

## II. STANDARD OF REVIEW

Motions for reconsideration are preserved "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Generally, a motion for reconsideration will only be granted on one of the following grounds: '1) there has been an intervening change in controlling law; 2) new evidence, which was not previously available, has become available; or 3) it is necessary to correct a clear error of law or to prevent manifest injustice.'" Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 399 (E.D. Pa. 2002) (quoting Smith v. City of Chester, 155 F.R.D. 95, 96-7 (E.D. Pa. 1994)).

## III. ANALYSIS

### A. Motion For Reconsideration

Plaintiff argues in his Motion for Reconsideration that the Court made seven errors in the Opinion granting Pitney Bowes' Motion for Judgment on the Pleadings. (Doc. No. 53 at 1–3; Doc. No. 54 at 2.) Because none of these purported errors demonstrate an intervening change in controlling law, new evidence that was not previously available, or establish a clear error of law or manifest injustice, Plaintiff's Motion for Reconsideration will be denied.

The first claim of error suggests that the Court incorrectly referred to Plaintiff's invention as a "Virtual Post Office Box/Internet Passport powered by Global Registration and Verification" ("VPOBIP") instead of a "Virtual P.O. Box/Security Deposit Box," as Plaintiff describes his idea in his patent application. (Doc. No. 53 at 1; Doc. No. 54 at 2.) In the Complaint, however, Plaintiff himself describes his idea as a "Virtual Post Office Box/Internet Passport powered by Global Registration and Verification." (Doc. No. 1 at ¶ 21.) Even if the Court incorrectly titled

Plaintiff's invention, the error does not affect the substance of the Court's reasoning and does not warrant reconsideration.

The second claim of error addresses the Court taking judicial notice of publicly-available records filed with the United States Patent and Trademark Office ("USPTO"). (Doc. No. 54 at 2.) Plaintiff states that "a thorough review of the publicly available records filed with the USPTO will show Plaintiff's VPOBIP trade secrets are neither part of nor included in any publicly-available records." (Id.) Plaintiff appears to argue that the Court made a clear error of law by finding that Plaintiff's patent application for VPOBIP, which is publicly-available and describes VPOBIP in detail, foreclosed the possibility of recovering on a misappropriation of trade secrets claim. However, Plaintiff does not explain with specificity how the Court erred, and alludes to a need for additional review. Because Plaintiff has not established a clear error of law or advanced any reason for granting reconsideration, his second argument is unpersuasive.

The third claim of error, like the first one, faults the Court's description of the VPOBIP invention. (Doc. No. 54 at 2.) As noted above, the description of the VPOBIP invention is not relevant to the Court's substantive legal analysis.

The fourth claim of error states: "Plaintiff's patent application should no longer be subject of [sic] the instant case since VPOBIP Trade Secrets are not part of the patent application and Plaintiff's claims have been redirected to misappropriation of trade secrets." (Id.) To the extent that Plaintiff argues that his patent application did not unveil his trade secrets and therefore his trade secrets were misappropriated, as he argues in his second claim of error, the Court is not persuaded. This argument also fails to establish that there has been an intervening change in law or new evidence.

In the fifth claim of error, Plaintiff admits that he "failed to file for Non Publication of patent application and failed to respond in timely manner with the USPTO." (Doc. No. 54 at 2; Doc. No. 53 at 2.) How this claim of error is an actual error is unclear from the Motion for Reconsideration. Again, Plaintiff fails to demonstrate that there has been a change in controlling law or new evidence in order to overcome the Court's reasoning in the February 7, 2013 Opinion that the public nature of his VPOBIP patent application forecloses his claim for misappropriation of trade secrets.

In the sixth claim of error, Plaintiff apparently argues that the Court made a clear error of law by finding that the PAEA only applies to USPS, and that Pitney Bowes is not a "state actor" subject to the requirements of the PAEA. (Doc. No. 53 at 2.) Plaintiff recites the statutory language of the PAEA and states that his proposal to Pitney Bowes was arranged by USPS employees, which is the same allegation made in the Complaint. (Id. at 2–3.) Plaintiff has not introduced any new evidence or controlling law to convince the Court that the PAEA applies to any entity other than USPS, as discussed in the Court's February 7, 2013 Opinion. Accordingly, no clear error of law has been shown in this claim of error.

Finally, in the seventh claim of error, Plaintiff repeats his allegation that Pitney Bowes is a "stakeholder" in the USPS. (Doc. No. 53 at 3.) However, Plaintiff fails to present new facts or controlling law establishing that Pitney Bowes is a "stakeholder" in the USPS, or even that a federal agency could have stakeholders.

In his Reply Memorandum, Plaintiff makes a number of additional arguments attacking the tactics and legal strategy of opposing counsel and alleging violations of court rules. (Doc. No. 58 at 1–3.) Even if these arguments had merit, they do not bring to the Court's attention new controlling law, new evidence, or a clear error of law or manifest injustice.

For these reasons, Plaintiff's Motion for Reconsideration will be denied.

### B. Motion For Leave To Amend The Complaint

Plaintiff requests, in the alternative, that he be granted leave to amend the Complaint. The United States Supreme Court and the Third Circuit have held that "leave shall be freely given" to amend in appropriate circumstances. In Foman v. Davis, the Supreme Court held:

> In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be freely given.

371 U.S. 178, 182 (1967).

In Bechtel v. Robinson, the Third Circuit noted that there is a "strong liberality . . . in allowing amendments under Rule 15(a)." 886 F.2d 644, 652 (3d Cir. 1989). Further, a "court may refuse a motion for leave to amend only in limited circumstances, such as when the amendment would cause undue delay; is offered in bad faith or with dilatory motive; or if the amendment is futile." AT&T v. Marstan Indus. Inc., No. 93-2961, 1994 U.S. Dist. LEXIS 8294 (E.D. Pa. 1994).

In determining futility, a court should look to see if "the complaint, as amended, would fail to state a claim upon which relief could be granted. In determining whether a claim would be futile, the district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." Zahl v. N.J. Dep't of Law & Pub. Safety Div. of Consumer Affairs, Nos. 10-2022, 10-2516, 2011 U.S. App. LEXIS 10103, at *8–9 (3d Cir. May 18, 2011) (quoting Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010)).

Here, granting Plaintiff leave to amend the Complaint would be futile. In Plaintiff's proposed Amended Complaint, Counts I, II, III, IV, and V are identical or nearly identical to

Counts I, II, III, IV, and V in the original Complaint.³ (Doc. No. 53 at 28–33; Doc. No. 1-1 at 1–5.) Each of these claims have already been considered and rejected by the Court in the July 23, 2012 Opinion granting USPS' Motion to Dismiss (Doc. No. 31) and the February 7, 2013 Opinion granting Pitney Bowes' Motion for Judgment on the Pleadings (Doc. No. 50). Therefore, allowing Plaintiff to amend these counts would be futile and would not result in stating claims upon which relief could be granted.

In the proposed Amended Complaint, Plaintiff seeks to add as Count VI a claim under 42 U.S.C. § 1983.⁴ In the February 7, 2013 Opinion, the Court observed that "although Plaintiff apparently cites 42 U.S.C. § 1983 as the basis for his 'state actor' argument, he has not alleged a claim under § 1983 against Pitney Bowes in the Complaint." (Doc. No. 50 at 8.) Although Plaintiff now seeks to add a § 1983 claim, he fails to plead sufficient facts to support a § 1983 claim against either Pitney Bowes or USPS.

As a private entity, Pitney Bowes cannot be liable under § 1983 unless it is a state actor. As stated supra and in the Opinion dated February 7, 2013, Pitney Bowes is not a state actor. Moreover, Plaintiff has failed to allege specific facts showing that he is plausibly entitled to relief against either Pitney Bowes or USPS on a § 1983 claim. The narrative in both the Complaint and the proposed Amended Complaint is intended to show that Pitney Bowes and USPS worked in concert to deprive Plaintiff of his intellectual property rights. The Court has already found that Plaintiff's claims are without merit, and Plaintiff cannot cure the Complaint's deficiencies merely by making the same conclusory allegations and adding a § 1983 claim.

For all these reasons, Plaintiff will not be permitted leave to amend the Complaint.

---

³ Count I in the proposed Amended Complaint adds an allegation that Pitney Bowes is a state actor. As stated supra, this argument was addressed by the Court in the February 7, 2013 Opinion and found to be unpersuasive.

⁴ Count VI is incorrectly labeled as Count V in the proposed Amended Complaint.