IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK FOSTER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PITNEY BOWES CORPORATION, et al.,<br><br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 11-7303 |

### ADDENDUM TO OPINION DATED FEBRUARY 7, 2013

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**April 12, 2013**

　　　　Defendant Pitney Bowes, Inc. ("Pitney Bowes") in its Answer to the Complaint made two counterclaims against Plaintiff.  The first was for non-infringement of U.S. Patent No. 7,707,119 (Count I), and the second was for invalidity of U.S. Patent No. 7,707,119 (Count II).  (Doc. No. 9 at 38–40.)  Pitney Bowes moved for judgment on the pleadings (Doc. No. 35) on its two counterclaims, which the Court has not yet addressed in this case.  In a letter dated March 4, 2013 (Doc. No. 56), sent in light of the Court's February 7, 2013 Opinion, Pitney Bowes requested the following relief on its pending counterclaims.[1]  On Count I, Pitney Bowes requests the Court to enter judgment and find Pitney Bowes did not infringe on U.S. Patent No. 7,707,119, which is held by Plaintiff.  On Count II, Pitney Bowes requests that this Count be dismissed if the Court denies Plaintiff's Motion for Reconsideration.  Since Plaintiff's Motion for Reconsideration will be denied in an Order issued this day, Count II of Pitney Bowes' Counterclaim will be dismissed.

---

[1] Pitney Bowes' letter was docketed on March 4, 2013.  Plaintiff has not responded to the letter as of the date of this Addendum.

Regarding Count I, the Court noted in the February 7, 2013 Opinion that U.S. Patent No. 7,707,119, a patent owned by Plaintiff, did not appear to be relevant to this lawsuit.  (Doc. No. 50 at n.9.)  Plaintiff's lawsuit instead centers on U.S. Patent Application No. 12/129,755, which describes a "Virtual Post Office Box/Internet Passport powered by Global Registration and Verification" ("VPOBIP").  (Doc. No. 35-8 at 1.)  VPOBIP would charge a fee for individuals and businesses to present identification documents to a local post office and assign the individual or business a virtual Post Office Box.  (Doc. No. 1, Ex. B at 2.)  In contrast, U.S. Patent No. 7,707,119 is a "[s]ystem and method for identity protected secured purchasing."  (Doc. Nos. 35-2; 35-3; 35-4.)  U.S. Patent No. 7,707,119 has nothing to do with VPOBIP, Pitney Bowes, or the U.S. Postal Service.  Plaintiff seemed to allege in his Complaint that Pitney Bowes infringed on U.S. Patent No. 7,707,119, but offered no facts to support this claim.  Instead, he focused on the VPOBIP virtual Post Office Box system in his lawsuit.[2]  Accordingly, when the facts alleged in the pleadings are viewed in the light most favorable to Plaintiff, it is apparent that Pitney Bowes did not infringe on U.S. Patent No. 7,707,119.  Thus, Pitney Bowes' Motion for Judgment on the Pleadings on Count I of Pitney Bowes' Counterclaims will be granted, and Judgment will be entered in favor of Pitney Bowes on this Count.

      An appropriate Order follows.

---

[2] As stated above and discussed in the Court's Opinion dated February 7, 2013 (Doc. No. 50), Plaintiff was not issued a patent for the VPOBIP system, and the invention did not advance beyond the application stage.